Coös,
Dec. 3, 1907.

## BENNETT *v.* HEBBARD *& Tr.*

Under section 5, chapter 245, Public Statutes, a non-resident landowner who sells the products of his farm through a resident agent may be summoned as trustee.

FOREIGN ATTACHMENT.   Trial by the court.   Transferred from the December term, 1906, of the superior court by *Stone*, J., on the defendant's exception to an order charging the trustee.

Walter C. Burbank, the trustee, is a resident of New York and the owner of a farm in Shelburne which he occupies a portion of each year.   The pasture land upon the farm is let for grazing purposes, the standing grass is sold each season, and wood and timber is cut and drawn from the premises year by year.   One Wilson, a resident of this state, managed the farm as agent for Burbank, and the writ was served upon him.   The trustee disclosed that the principal defendant had recovered a verdict against him in the superior court for Coös county, for $166.56 and costs taxed at $24.17, in a suit arising out of contracts made and performed within this state on account of the farm, and that the same was unsatisfied.

*Jesse F. Libby*, for the plaintiff.

*Harry G. Noyes*, for the defendant.

Young, J.   Section 5, chapter 245, Public Statutes, provides that " a person doing business in this state . . .   may be summoned upon trustee process."   It is clear that the purpose of this section is to enable creditors to reach the property of their debtors in the possession of non-residents; and if the language the legislature used is capable of more than one construction, it is probable the one which will promote that purpose was intended.   If, therefore, " doing business in this state" is fairly capable of a construction which will include the care of real property, it was probably the legislative intent to include within the operation of the section non-resident landowners having resident agents in charge of their property.

" Business" is a word in common use to describe every occupation in which men engage (*Goddard* v. *Chaffee*, 2 Allen 395; *People* v. *Commissioners,* 23 N. Y. 242; 5 Am. & Eng. Enc. Law 72; 6 Cyc. 260), and it is not only fairly capable of a construction which will include the care of real estate, but is in common use to describe the occupation of those engaged in the management of such property.   Such persons are commonly said to be engaged in the real estate business.   Since the phrase " a person doing business in this state " is fairly capable of a construction which will include a non-resident landowner, and since giving it that construction will promote the purpose the legislature had in view in enacting the section above cited, it is more probable than otherwise that it was the legislative intent that the property of debtors in the possession of such persons might be attached on trustee process under the provisions of the section.

*Exception overruled.*

All concurred.