RONALD W. BENNINGHOFF, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6144–77.     Filed November 20, 1978.

*Jack B. Hood,* for the petitioner.
*Hans G. Tanzler III,* for the respondent.

OPINION

DAWSON, *Judge:* Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1973 in the amount of $245. The only issue for decision is whether the fair rental value of lodging and utilities furnished to petitioner, a

policeman, by his employer, the Canal Zone Government, is excludable from gross income under section 119.[1]

All of the facts have been stipulated. The stipulation, together with associated exhibits, are incorporated herein by this reference. The pertinent facts are summarized below.

Ronald W. Benninghoff (hereinafter petitioner) resided in Balboa, U.S. Canal Zone, at the time his petition was filed in this case. Petitioner, a citizen of the United States, was employed as a policeman during the year in issue by the Canal Zone Government (hereinafter the government), an agency of the United States.

The government conducts its business activities in the Canal Zone, an area approximately 10 miles wide and 50 miles long, bounded on each side by the Republic of Panama. The government operates as the territorial sovereign in the area by virtue of a 1903 treaty with the Republic of Panama. The government does not permit private ownership of housing or land in the zone by its employees. As a result, all housing and utilities are owned by the government, which furnishes such housing and utilities to those employees residing in the zone. The government deducts the value of rent and utilities provided each month from the wages of those employees residing in the zone. For the taxable year 1973, the government deducted $980 for housing from petitioner's wages and petitioner reported this amount as an exclusion from income on his Federal income tax return.

The Canal Zone Government required petitioner to accept lodging in the Canal Zone as a condition of his employment as a policeman. Moreover, each policeman was required to reside in the district in which he was employed. There are two geographical districts within the Canal Zone, Balboa and Cristobal. Petitioner resided within the Balboa district. Petitioner had normal police functions. His job might take him anywhere within the zone; however, his duties most often were within the district in which he resided. Members of the Canal Zone police, including petitioner, were required to always be available for duty, insofar as being required to take police action to prevent damage or destruction of property or injury to people. In

---

[1]Unless specified otherwise, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.

addition, petitioner was always subject to orders from the proper authorities and to calls from citizens. The fact that he might have been technically off duty did not relieve him from the responsibility of taking proper police action in any matter coming to his attention. Petitioner was required to have a home telephone which was equipped with a special ring so that his employer could promptly call him to duty, even if the line was in use.

Gross income is defined in section 61 to include all income from whatever source derived, including compensation for services. It includes income realized in any form, i.e., money, property, or services. See sec. 1.61–2(d)(1), Income Tax Regs. In the instant case, the lodging and utilities were furnished to petitioner because of his employment relationship with the Canal Zone Government. Consequently, the value of such lodging and utilities is includable in petitioner's gross income for the year involved unless specifically excludable under another provision of the Internal Revenue Code. See *Commissioner v. Duberstein*, 363 U.S. 278 (1960); *Commissioner v. LoBue*, 351 U.S. 243 (1956). Petitioner contends that the value of his lodging and utilities[2] is excludable under section 119.

In order to qualify for the exclusion of section 119, three conditions must be met: (1) The employee must be required to accept the lodging as a condition of his employment; (2) the lodging must be furnished for the convenience of the employer; and (3) the lodging must be on the business premises of the employer. Sec. 1.119–1(b), Income Tax Regs. The failure of petitioner to meet any of the three conditions will cause the value of his lodging to be included in gross income. *Olkjer v. Commissioner*, 32 T.C. 464 (1959); *Dole v. Commissioner*, 43 T.C. 697 (1965), affd. per curiam 351 F.2d 308 (1st Cir. 1965). The parties have stipulated that petitioner meets the first requirement under section 119; his lodging was furnished as a condition of employment. We find that petitioner also has met the second requirement of section 119; his lodging was furnished for the convenience of his employer. The "convenience of employer" and "condition of employment" tests are essentially the same. *United States Junior Chamber of Commerce v. United States*, 334

---

[2] We note at the outset that utilities or other commodities furnished by the employer to make a lodging habitable constitute lodging for the purposes of sec. 119. Rev. Rul. 68–579, 1968–2 C.B. 61; *Turner v. Commissioner*, 68 T.C. 48, 50 (1977).

F.2d 660, 663 (Ct. Cl. 1964). Both tests require a "direct nexus between the lodging furnished and the asserted business interests of the employer served thereby." *McDonald v. Commissioner*, 66 T.C. 223, 230 (1976). See *Giesinger v. Commissioner*, 66 T.C. 6, 12 (1976). In the instant case, petitioner may be called to duty at anytime. The residency requirement enables petitioner's employer to rely on petitioner's prompt response to any emergency that might arise. If petitioner lived in the Republic of Panama, the ability of his employer to secure an immediate response on the part of petitioner would be diminished.

It is the third condition, that the lodging be furnished on the business premises, which compels us to hold that petitioner has failed to qualify for the exclusion under section 119. The government-owned residence was not located "on the business premises" within the meaning of that term for purposes of section 119.

"On the business premises" first appeared as part of the 1954 Code. Initially, the House of Representatives used the term "place of employment" rather than "business premises." H. Rept. 1337, to accompany H.R. 8300 (Pub. L. 591), 83d Cong., 2d Sess. 18, A39 (1954). The Senate changed the term to "business premises," but indicated that "Under both bills meals and lodging are to be excluded from the employee's income if they are furnished at the place of employment and the employee is required to meet certain other conditions." S. Rept. 1622, to accompany H.R. 8300 (Pub. L. 591), 83d Cong., 2d Sess. 19, 190–191 (1954).

In conference, Conf. Rept. 2543, to accompany H.R. 8300 (Pub. L. 591), 83d Cong., 2d Sess. 27 (1954), the Senate version was adopted with the following explanation:

The term "business premises of the employer" is intended, in general, to have the same effect as the term "place of employment" in the House bill. For example, lodging furnished in the home to a domestic servant would be considered lodging furnished on the business premises of the employer. Similarly, meals furnished to a cowhand while herding his employer's cattle on leased lands, or on national forest lands used under a permit, would also be regarded as furnished on the business premises of the employer.

Subsequently, the term "on the business premises" has been the subject of extensive judicial interpretation. E.g., *Lindeman v. Commissioner*, 60 T.C. 609, 614–617 (1973). Although the application of these interpretations have at times produced

varying results, the principles laid down with respect to this issue have been fairly uniform. For example, it is generally accepted that "ownership by the employer of the lodging or the place where the meals are furnished is not intended by Congress to be the crucial test, nor even an essential element, of the meaning of 'business premises.'" *Commissioner v. Anderson,* 371 F.2d 59, 64 (6th Cir. 1966), revg. 42 T.C. 410 (1964); *Dole v. Commissioner, supra* at 708–709 (Judge Raum concurring). In addition, the illustrations in the conference report have been viewed as indicating that section 119 does not require that lodging be furnished in the primary business structure of the employer in order to be considered on the business premises. *Lindeman v. Commissioner, supra* at 614. In short, "the issue as to the extent or the boundaries of the business premises in each case is a factual issue, and in resolving that question consideration must be given to the employee's duties as well as the nature of the employer's business." *Lindeman v. Commissioner, supra* at 615. Thus, the exclusion is available in situations in which lodging is furnished at a place where the employee performs a significant portion of his duties or on the premises where the employer conducts a significant portion of his business. *Commissioner v. Anderson, supra* at 67; *McDonald v. Commissioner, supra* at 230–231; *Lindeman v. Commissioner, supra* at 615. Similarly, the "phrase should be construed to mean either (1) living quarters that constitute an integral part of the business property or (2) premises on which the company carries on some of its business activities." *Dole v. Commissioner, supra* at 707.

Petitioner does not, and could not successfully, contend that he performs substantial employment-related duties in his residence. The residence, simply put, is a residence. Although the petitioner is on 24-hour call and a special phone alert has been installed, we do not think these factors raise petitioner's employment duties within the house to a degree sufficient to constitute the lodging as being on the business premises. The probability that petitioner may be called to duty does not support a finding that the house is on the business premises.

Petitioner does contend, however, that the entire Canal Zone constitutes the business premises. He asserts that the entire zone is used to effect the treaty obligations to maintain, support, operate, and defend the Panama Canal. Accordingly, since the

lodging is furnished to the petitioner within the Canal Zone, petitioner argues that the lodging is on the business premises. Respondent, on the other hand, contends that the scope of business premises must be limited to the situs of significant business activity by the employer. We agree with respondent. Although petitioner's argument is appealing in its simple logic, it does not withstand careful analysis. The touchstone of the business premises test is the lodging's relationship to the business activities of the employer. To conclude that lodging is on the business premises of the employer merely because it is owned by the employer would make the third condition of section 119 meaningless. The property must bear an integral relationship to the business activities of the employer. Upon the facts presented, the only relationship established between the employer and the lodging is that of ownership. No significant employer activities occur at petitioner's residence. The location of such residential housing within the zone does not make such housing an integral part of the employer's business.

In support of his view that the entire Canal Zone constitutes the business premises, petitioner relies on a line of decisions involving cash allowances to highway patrolmen for meals taken in restaurants along State highways. *United States v. Morelan*, 356 F.2d 199, 203 (8th Cir. 1966); *United States v. Barrett*, 321 F.2d 911, 912 (5th Cir. 1963). Contra, *Koerner v. United States*, 550 F.2d 1362, 1364 (4th Cir. 1977); *Wilson v. United States*, 412 F.2d 694, 696–697 (1st Cir. 1969). In *United States v. Morelan, supra* at 203, the court concluded that it was:

conceivable, plausible and believeable, [sic] in the present Highway Patrolmen context, to call all state land the business premises of the state since the state can regulate, tax and exercise a great deal of control over the land.

Such a view was also expressed in *United States v. Barrett, supra* at 912.

We think that these decisions are inapposite here.[3] In both *Morelan* and *Barrett*, the police officers were on duty patrolling State roads in uniform, ate their meals at restaurants adjacent

---

[3]The result in *Barrett* and *Morelan*, which permitted an exclusion under sec. 119 for cash allowances for meals, has been changed by the Supreme Court's decision in *Commissioner v. Kowalski*, 434 U.S. 77 (1977). In *Kowalski*, the Court concluded that the statutory provisions for exclusion did not extend to cash allowances, but were designed solely for meals or lodging actually furnished by the employer. The issue of whether public restaurants along State highways could constitute part of the State's business premises was not addressed in the Supreme Court's decision.

to the State roads, and were required periodically to call in. These factors make the *Barrett* and *Morelan* decisions consistent with our view that the premises must be those on which a significant portion of the employee duties are performed.

Petitioner's reliance on *Inman v. Commissioner*, T.C. Memo. 1970–204, is misplaced. In that case, the Commissioner did not challenge the exclusion, under section 119, of the value of the lodging furnished a park ranger by the National Park Service. Rather, the issue was whether utilities purchased directly from private utility companies by the ranger could be considered "furnished" by the employer. We note that the factual circumstances of *Inman* clearly indicate that significant employee duties were performed at the park ranger's residence. No evidence of such significant employee duties has been demonstrated here. Moreover, the residence in *Inman* was an integral part of the operation of the park. By contrast, the petitioner here has failed to show the integral nature of his residence to the Canal Zone.[4]

Petitioner also contends that the definition of "lodging on the business premises" should be more liberal for public employees. He asserts that the opportunity for tax abuse is far greater in the private employer-employee relationship than in the relationship of the Government employer to its employees. A concern for potential abuse of section 119 by private employees has been expressed by this Court on previous occasions. *Lindeman v. Commissioner, supra* at 614; *Dole v. Commissioner, supra* at 707–708 (Judge Raum concurring). We find no distinguishing characteristic, however, to justify a broader exclusion rule for public employees. Moreover, we find no support in the statute and the regulations promulgated thereunder to permit a different standard.[5] Whether we are dealing with private or

---

[4]Petitioner asserts that Rev. Rul. 71–267, 1971–1 C.B. 37, supports his position. While revenue rulings generally are not accorded any greater weight than an attorney's brief, we do not think the analogy petitioner draws between his case and the facts of the ruling is persuasive. Under the revenue ruling, the value of meals and lodging furnished civilian employees of the Navy Department who worked on the California offshore islands of San Clemente, San Nicholas, and Santa Cruz was excludable from gross income under sec. 119. In the ruling the Service placed considerable weight on certain facts, particularly that the employees also maintained residences on the U.S. mainland and that the distance from the offshore islands to the mainland precluded daily transportation to and from the mainland.

[5]In those situations in which it has been appropriate to exclude the value of lodging from governmental employees, most particularly the military, regulations have been specifically promulgated. Sec. 1.61–2(b), Income Tax Regs.

public employees, the test for determining if lodging is furnished on the business premises should depend on the lodging's relationship to the business of the employer or the duties engaged in by the employee in the lodging. Here the Canal Zone Government furnished the apartment as a purely personal residence and not as an integral part of its business operations. Nor did it require substantial employment activities by petitioner in the residence. In sum, the Canal Zone Government was merely the landlord of the lodging furnished. It would be fortuitous, indeed, if the circumstance of socialized housing in the Canal Zone were to provide a tax windfall for Government employees residing there.

Since we have concluded that the lodging was not furnished on the business premises, it is not necessary for us to consider respondent's contentions with respect to whether the utilities were "furnished" by the employer.

*Decision will be entered for the respondent.*

Reviewed by the Court.

SCOTT, *J.*, concurring: I agree with the conclusion of the majority that the lodging furnished petitioner in this case was not on "the business premises" of his employer, the Canal Zone Government. In my view, the majority opinion is correct because petitioner's living quarters did not constitute an integral part of the business premises of the Canal Zone Government and were not premises on which the Canal Zone Government carried on any of its business activities. However, I do not agree with the conclusion of the majority that the performance by an employee of a significant portion of his duties in his residence would cause that residence to be "on the business premises" of his employer within the meaning of section 119, I.R.C. 1954, where the property was not otherwise an integral part of the business property of the employer. It might be that use by an employee of his residence for his business activities as an employee would entitle him to a *deduction* of a part or all of the rental paid for the premises under other sections of the Code. See *Newi v. Commissioner*, 432 F.2d 998 (2d Cir. 1970), affg. a Memorandum Opinion of this Court. However, in my view, even if an employee

did a large portion of his work as an employee in his residence, this fact standing alone would not entitle the employee to an *exclusion* under section 119, I.R.C. 1954.

RAUM and STERRETT, *JJ.*, agree with this concurring opinion.

FAY, *J.*, dissenting: I respectfully disagree with the majority's conclusion that the lodging furnished petitioner was not "on the business premises" of his employer within the meaning of section 119.

Generally, section 119 excludes from gross income the value of lodging furnished an employee if certain conditions are satisfied. One of these conditions is that the lodging must be located "on the business premises" of the employer. In this regard, the courts have developed two principal tests. Specifically, the phrase "business premises" has been construed to mean *either* (1) a place where the employer conducts a significant portion of his business *or* (2) where the employee performs a significant portion of his duties. *Commissioner v. Anderson*, 371 F.2d 59, 67 (6th Cir. 1966), revg. 42 T.C. 410 (1964); *Dole v. Commissioner*, 43 T.C. 697, 707 (1965), affd. per curiam 351 F.2d 308 (1st Cir. 1965); *Lindeman v. Commissioner*, 60 T.C. 609, 615 (1973). If, under the facts, either one of these two tests is met, the "business premise" requirement of section 119 is satisfied. In the instant case, I believe petitioner has met the former test, i.e., the lodging furnished him was located on a place where his employer performed a significant portion of its business.

As stated in the majority's opinion, petitioner's employer was the Canal Zone Government, or more precisely that branch of the Canal Zone Government charged with the enforcement of the Canal Zone laws. The question then is whether petitioner's lodging was located on a place where the law enforcement branch performed a significant portion of its business.

In *United States v. Barrett*, 321 F.2d 911 (5th Cir. 1963), the taxpayer, a highway patrolman, excluded under section 119 certain meal allowances provided him by his employer. In opposing the exclusion, the Government, inter alia, argued that the meals were not consumed "on the business premises" of the employer. In rejecting this contention, the Fifth Circuit, to which this case is appealable, stated:

The Commissioner takes too narrow a view of what constitutes the "business premises" of the Mississippi Highway Patrol. The major "business" of this state law enforcement agency is obviously not confined to isolated station houses; rather, it covers every road and highway in the state twenty-four hours a day every day. In view of the special nature and functions of the highway trooper's work, it is unrealistic to treat the employer's place of business as limited to the state patrol headquarters. This criterion, therefore, is not decisive against the excludability of the sums here in question. [321 F.2d at 912.]

See also *United States v. Morelan,* 356 F.2d 199 (8th Cir. 1966).[1]

Consistent with the reasoning of the court in *Barrett,* it is obvious under our facts that the entire Canal Zone comprises the "business premises" of petitioner's employer. This being so, and because the lodging in question was located *on* such premises, petitioner should be allowed to exclude its value in computing his gross income.

In its discussion of the highway patrolmen cases, the majority states:

We think that these decisions are inapposite here. In both *Morelan* and *Barrett* the police officers were on duty patrolling state roads in uniform, ate their meals at restaurants adjacent to the state roads, and were required periodically to call in.

How these factors make *Morelan* and *Barrett* distinguishable is unclear to me since the petitioner in the present case was a policeman, presumably wore a uniform, patrolled the Canal Zone, and was on call 24 hours a day.[2]

Furthermore, although the precise basis for its holding is not entirely clear, the majority appears to be placing undue emphasis on the fact that petitioner did not perform a meaningful portion of his duties at his residence. As I noted above, the two principal "business premise" tests are (1) where the employer conducts a significant portion of his business, or (2) where the employee performs a significant portion of his duties.

---

[1] In *United States v. Morelan,* 356 F.2d 199 (8th Cir. 1966), on facts similar to those of *United States v. Barrett,* 321 F.2d 911 (5th Cir. 1963), the court stated at page 203:

Congress did not put geographic bounds on the business premises of an employer. * * *

\*    \*    \*    \*    \*    \*    \*

It is conceivable, plausible and believable, in the present Highway Patrolmen context, to call all state land the business premises of the state since the state can regulate, tax and exercise a great deal of control over such land.

[2] While *Commissioner v. Kowalski,* 434 U.S. 77 (1977), changed the result in *Barrett* and *Morelan* with respect to cash allowances for meals, the Supreme Court's decision did not affect the Fifth and Eighth Circuits' holding that all State land constituted the business premises of the State.

226

In deciding whether the latter test is satisfied, the courts have generally focused on the activity of the taxpayer within the residence. See *Anderson v. Commissioner, supra; Dole v. Commissioner, supra.* However, where, as here, the lodging is located on a place where the employer conducts a significant portion of its business, the former test has been met and it is unnecessary to examine the employee's activities within the residence. See *Giesinger v. Commissioner,* 66 T.C. 6 (1976).

Accordingly, I would hold that petitioner is entitled to exclude from gross income under section 119 the value of lodging furnished to him by his employer.