Ronald W. BENNINGHOFF,
Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 78–3783.

United States Court of Appeals,
Fifth Circuit.

March 21, 1980.

Rehearing Denied April 14, 1980.

Jack B. Hood, Birmingham, Ala., for petitioner-appellant.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Chief, App. Section, Grant W. Wiprud, David B. Allen, Tax Div., U. S. Dept. of Justice, Washington, D. C., Lester Stein, Acting Chief Counsel, Miami, Fla., for respondent-appellee.

Before TUTTLE, AINSWORTH and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

Appellant Ronald W. Benninghoff appeals from the November 1978 written opinion and order of the United States Tax Court that affirmed the decision of the Commissioner of Internal Revenue to assess a deficiency of $245 against appellant in his federal income tax for the taxable year 1973. 71 T.C. 216 (1978). Since the parties stipulated to the facts, the only issue on appeal is whether the Tax Court correctly held that appellant, a policeman employed by the Canal Zone Government, could not exclude from his gross income for the year 1973 the value of lodging and utilities fur-

nished to him by his employer under Section 119 of the Internal Revenue Code of 1954.

We affirm on the basis of the majority and concurring opinions that realistically construed the statutory language of Section 119(2) that the lodging be furnished "on the business premises" to mean that the provision of lodging by an employer must constitute an integral part of the business activities of the employer. Appellant Benninghoff failed to show a direct, substantial relationship between the provision of lodging and the law enforcement interests of his employer. The mere ownership by the Canal Zone Government of the home itself and the land on which the home was situated is not sufficient, nor even essential, to prove that the lodging is "on the business premises" of the employer for purposes of Section 119(2). The facts in this case show that the lodging was furnished by his employer, the Canal Zone Government, to appellant Benninghoff primarily for his personal use and not to further significantly its own law enforcement interests. Thus, the Tax Court correctly held that appellant Benninghoff could not exclude the value of the lodging and utilities furnished to him by his employer for the taxable year 1973.

AFFIRMED.