KENNETH R. CROWE and ELAINE M. CROWE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Crowe v. Commissioner
Docket No. 8431-77.
United States Tax Court
T.C. Memo 1980-178; 1980 Tax Ct. Memo LEXIS 408; 40 T.C.M. (CCH) 380; T.C.M. (RIA) 80178; May 20, 1980, Filed Kenneth R. Crowe, pro se. Thomas P. Dougherty, Jr., for the respondent. RAUM
MEMORANDUM FINDINGS OF FACT AND OPINION RAUM, Judge: The Commissioner determined a deficiency of $291.22 in petitioners' 1974 income tax. At issue is whether petitioners qualify for the exclusion from income provided by section 119, Internal Revenue Code of 1954. Because of concessions by the Government, the only question that need be considered is whether petitioners' lodging was provided "on the business premises" of petitioner Kenneth R. Crowe's employer. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation and related exhibits are incorporated herein by this reference. Petitioners, husband and wife, were residents of Tehran, Iran, at the time their petition *409 was filed. From June of 1974 to February of 1976, the husband ("petitioner") was employed by Raytheon Corporation as a radar technician supervisor. He performed his duties at a missile site owned by the United States Army at Nekoma, North Dakota. Raytheon was the designer and manufacturer of the radar equipment utilized at the facility, and was one of the subcontractors at the missile site. Western Electric was the prime contractor in charge of the integration of the radar system at the missile site, and petitioner's duties were performed under the supervision of Western Electric personnel. As a radar technician supervisor, he was subject to 24-hour emergency call. In the event of an emergency, he was required to communicate with other employees to get them to respond to the situation. However, Mr. Crowe was seldom "contacted" after the end of the normal work day. The only housing available in Nekoma, North Dakota, was located on the Army base and was for military personnel. In order to accommodate personnel working at the missile site and to alleviate an anticipated housing shortage arising from the sudden influx of people into the area, Western Electric Corporation acquired *410 an apartment complex in Langdon, North Dakota, a community 12 miles from the missile site at Nekoma. This apartment complex consisted of approximately 50 buildings, each containing eight apartments, and was utilized to house the personnel of Western Electric and its subcontractors, including Raytheon.Western Electric maintained offices in the apartment complex, but the sole function of these offices was the management of the apartment complex. Raytheon had no offices or business facilities in Langdon, and no significant amount of its business was conducted there. Due to Western Electric's large investment in the apartment complex, Western Electric required its own employees and the employees of its subcontractors to live in the complex and pay rent, unless the employee had a residence located elsewhere, whether rented or owned. Raytheon required petitioners to live in the complex, and in 1974 deducted rent at a monthly rate of $180 from Mr. Crowe's paychecks. The record does not disclose the manner in which Raytheon accounted to Western Electric for the rent thus withheld. On their 1974 joint Federal income tax return, petitioners excluded $1,242 from their gross income, claiming *411 that this amount was deducted from Mr. Crowe's salary in 1974 for lodging required as a "condition of employment".The Commissioner determined that the exclusion for lodging expenses was not allowable because the lodging was not on the business premises of Mr. Crowe's employer. OPINION The value of lodging furnished by an employer to his employee may be excluded from the employee's gross income if three conditions, set forth in section 119, Internal Revenue Code of 1954, [1] are satisfied: (1) the lodging is located "on the business premises" of the employer; (2) the lodging is furnished for the employer's convenience; and (3) the employee's acceptance of the lodging is required as a condition of employment. Sec. 1.119-1(b), Income Tax Regs. See Giesinger v. Commissioner, 66 T.C. 6, 10 (1976). The Government agrees that petitioners have satisfied the latter two conditions, but insists that petitioners' lodging was not located on Raytheon's business premises. We sustain the Commissioner's determination. *412 Although "business premises" is not defined in section 119, the term has been construed in numerous judicial opinions, and its legislative origins have been extensively analyzed. E.g., Commissioner v. Anderson, 371 F. 2d 59, 64-67 (6th Cir. 1966), cert. denied 387 U.S. 906 (1967), revg. 42 T.C. 410 (1964); Benninghoff v. Commissioner, 71 T.C. 216, 219-223 (1978), affd. per curiam 614 F. 2d 398 (5th Cir. 1980); Lindeman v. Commissioner, 60 T.C. 609, 613-617 (1973); Dole v. Commissioner, 43 T.C. 697, 706-707 and and 707-709 (concurring opinion), affd. per curiam 351 F. 2d 308 (1st Cir. 1965). These cases have defined "business premises" to "mean either (1) living guarters that constitute an integral part of the business property or (2) premises on which the company carries on some of its business activities". Dole v. Commissioner, supra, 43 T.C. at 707. Moreover, the statute requires that lodging be furnished "on" on the employer's business premises; it does not say "nearby" or "at any convenient place". Dole v. Commissioner, supra, 43 T.C. at 708 *413 (concurring opinion). See Lindeman v. Commissioner, supra, 60 T.C. at 614. We find that petitioner's lodging was not located "on" Raytheon's business premises. Raytheon's only business premises in the area were located at the missile site in Nekoma, where its employees worked and where it had offices. Petitioner's duties as an employee were performed largely at the missile site in Nekoma, fully 12 miles distant from his lodging in Langdon. Raytheon conducted no significant activities at Langdon, and although Mr. Crowe occasionally was required to communicate with other employees from his lodging at Langdon, his activities in Langdon were hardly substantial enough to elevate the apartment complex to status as one of Raytheon's business premises. See McDonald v. Commissioner, 66 T.C. 223, 231 (1976). As was stated in Dole v. Commissioner, supra, 43 T.C. at 707, "[we] doubt whether Congress ever intended section 119 to apply to situations * * * where the employee does his work in one location and resides at another location some distance away." See Lindeman v. Commissioner, supra, 60 T.C. at 614. *414 Although the application of the statute may appear to be harsh in the circumstances of this case, the statutory provisions plainly call for the result that we reach here. Decision will be entered for the respondent. Footnotes
1. Section 119, as in effect for the taxable year, pursuant to an Act "To prohibit the issuance of regulations on the taxation of fringe benefits, and for other purposes", Pub. L. No. 95-427, sec. 4, 92 Stat. 996 (1978), provided in relevant part as follows: SEC. 119. MEALS OR LODGING FURNISHED FOR THE CONVENIENCE OF THE EMPLOYER. (a) General rule.--There shall be excluded from gross income of an employee the value of any meals or lodging furnished to him by his employer for the convenience of the employer, but only if-- (1) in the case of meals, the meals are furnished on the business premises of the employer, or (2) in the case of lodging, the employee is required to accept such lodging on the business premises of his employer as a condition of his employment.↩