COULBOURN H. TYLER AND ANNA C. TYLER, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Tyler v. Commissioner
Docket Nos. 14297-79, 18896-80, 21301-80, 6392-81.
United States Tax Court
T.C. Memo 1982-557; 1982 Tax Ct. Memo LEXIS 191; 44 T.C.M. (CCH) 1221; T.C.M. (RIA) 82557; September 23, 1982. B. K. Cruey and Lamar W. Davis, for the petitioners. T. Keith Fogg, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in the petitioners' Federal income tax for the taxable years and in the amounts as follows: Petitioners
Year
Amount
Tyler
1977
$673
Corron
1977
512
1978
462
Brown
1978
550
Litton
1979
366
The issue for decision is whether the costs of renting their homes from their employer may be excluded from petitioners' income as qualifying under section 119 of the Internal Revenue Code. [2]
*192 FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and stipulated exhibits are incorporated herein by this reference. Petitioners Coulbourn H. and Anna C. Tyler resided at Ferrum College, Ferrum, Virginia, at the time of filing the petition in docket No. 14297-79. They timely filed a joint Federal income tax return for 1977 with the Internal Revenue Service Center in Memphis, Tennessee. Petitioners Donald Ray and Lolene H. Corron resided at Ferrum College, Ferrum, Virginia, at the time of filing the petition in docket No. 18896-80. They timely filed joint Federal income tax returns for 1977 and 1978 with the Internal Revenue Service Center in Memphis, Tennessee. Petitioners Joseph G. and Jody D. Brown resided at Ferrum College, Ferrum, Virginia, at the time of filing the petition in docket No. 21301-80. They timely filed a joint Federal income tax return for 1978 with the Internal Revenue Service Center in Memphis, Tennessee. Petitioners Samuel M. and Joan H. Litton resided at Ferrum College, Ferrum, Virginia, at the time of filing the petition in docket No. 6392-81. They timely filed a joint Federal income tax return for 1979 with *193 the Internal Revenue Service Center in Memphis, Tennessee. Ferrum College recruits economically and academically disadvantaged students and provides these students financial assistance and special academic assistance. This academic assistance is achieved through supplemental instruction and counseling. The faculty of Ferrum College have many duties in addition to their traditional classroom teaching in order to provide this special assistance. Some of these activities take place in the evening. Consistent with this, Ferrum College encourages its faculty to live on campus. During the years at issue in these cases, each of the petitioners, with the exception of Mrs. Tyler, was employed by Ferrum College as a member of the faculty. Each faculty member of Ferrum College, including the petitioners in these cases, signed a written contract of employment with the college. This contract did not require faculty members to live on campus. During each of the years at issue, some members of the faculty of Ferrum College lived off of the campus of Ferrum College. Members of the faculty of Ferrum College would receive the same basic salary and would have basically the same responsibilities *194 to the college whether they lived on campus or off campus, although additional responsibilities would be considered in determining the level of their compensation within a given range. Ferrum College, as a general rule, would not object to allowing a member of the faculty to live off campus. In addition to full-time faculty members, Ferrum College also had part-time faculty members, none of whom lived on campus. All petitioners, except of course Mrs. Tyler who was not a member of the Ferrum College faculty, were provided an office by Ferrum College to which they had access 24 hours a day. In addition to their office, petitioners could also obtain rooms on campus in which they could meet with students in the evenings. Ferrum College has no written or unwritten policy which "requires" its faculty members, specifically petitioners, to live in housing on the college campus. Ferrum College draws a distinction between petitioners who pay rent for the on-campus housing which they occupy and the president of the college who lives rent-free in on-campus housing provided by the college because his home is used extensively for college functions. The petitioners deducted the cost *195 of their housing on the Ferrum College Campus from their taxable income on their Federal income tax returns for the years in question. The Commissioner, in his notices of deficiency addressed to each petitioner-couple, disallowed these deductions. OPINION The petitioners, with the exception of Mrs. Tyler, were employed during the years in question by Ferrum College as members of the faculty. Ferrum College recruits economically and academically disadvantaged students and offers special assistance to help them with their financial and academic needs. Many of the faculty provided special instruction and counseling for these students. Ferrum College encouraged its faculty to live on campus to make their duties more convenient, but it did not require them to do so. The issue for our decision is whether the petitioners may exclude the costs of renting their homes from Ferrum College as expenses qualifying under section 119. [3]
*196 Section 119, for the years at issue, provides in pertinent part as follows: SEC. 119. MEALS OR LODGING FURNISHED FOR THE CONVENIENCE OF THE EMPLOYER. There shall be excluded from gross income of an employee the value of any meals or lodging furnished to him by his employer for the convenience of the employer, but only if-- (2) in the case of lodging, the employee is required to accept such lodging on the business premises of his employer as a condition of his employment. In determining whether meals or lodging are furnished for the convenience of the employer, the provisions of an employment contract or of a State statute fixing terms of employment shall not be determinative of whether the meals or lodging are intended as compensation. The burden of proof is on the petitioners. Rule 142, Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933). The petitioners must satisfy all three of the criteria set forth in section 119 in order to exclude their housing costs under that section. The lodging must be (1) furnished for the convenience of the employer, (2) on the business premises of the employer and (3) the employee must *197 be required to accept the lodgings as a condition of his employment. Failure to establish any one of these criteria will preclude application of section 119. Dole v. Commissioner,43 T.C. 697 (1965), affd. per curiam 351 F.2d 308 (1st Cir. 1965). The respondent concedes that the petitioners resided on the business premises of Ferrum College. The "convenience of employer" and "condition of employment" tests are essentially the same. Benninghoff v. Commissioner,71 T.C. 216 (1978), affd. per curiam 614 F.2d 398 (5th Cir. 1980). Both tests required a "direct nexus between the lodging furnished and the asserted business interests of the employer served thereby." McDonald v. Commissioner,66 T.C. 223, 230 (1976). The stipulations and testimony at trial showed that petitioners were involved in a wide range of activities at their college. Petitioners, however, did not show that they could not have performed the activities necessary to their job had they lived off campus. A college administrator testified that faculty members in comparable positions would have the same assignments whether they lived on or *198 off of the campus. One of the petitioners testified that faculty members living off campus were "very dedicated" but "do not interact as much on the same level as those people that are on campus." This statement seems to sum up the position of petitioners, namely, that they were very active in the affairs of the college and could not have been so active had they lived off campus. Petitioners may be correct that statistically they are more active in the affairs of the college than the average person who lives off campus, but that is not the test under section 119 for determining whether lodging is deductible. Under section 119 "[t]he determination of whether an employee is required to accept lodging as a condition of his employment involves an objective examination of the facts surrounding the furnishing of such lodging." Bob Jones University v. United States,670 F.2d 167, 174 (Ct. Cl. 1982). As this Court stated in Dole v. Commissioner,43 T.C. 697, 706 (1965), "[t]he standard prescribed by Congress is not subjective. It is objective. The employer's state of mind is not controlling." Moreover, the statute clearly requires that the employee *199 must be required to accept the lodging as a condition of his employment. Such statutory language must be given its ordinary and usual meaning unless there is a compelling reason to the contrary. Tougher v. Commissioner,51 T.C. 737, 745 (1969), affd. per curiam 441 F.2d 1148 (9th Cir. 1971). The fine educational services provided by the petitioners are worthy of praise, but we have carefully examined and considered the evidence and have found that the petitioners were not required to live on the Ferrum College campus. In view of our holding, it is unnecessary for us to decide whether section 119 permits a deduction instead of allowing an exclusion. Tougher v. Commissioner,supra.
Decisions will be entered for the respondent.
Footnotes
1. Cases of the following petitioners are consolidated herewith: Donald Ray Corron and Lolene H. Corron, docket No. 18896-80; Joseph G. Brown and Jody D. Brown, docket No. 21301-80; and Samuel M. Litton and Joan H. Litton, docket No. 6392-81.↩
2. All section references are to the Internal Revenue Code of 1954, as amended, and references of "Rules" are to the Tax Court Rules of Practice and Procedure.↩
3. Sec. 119 was amended by the Act of October 7, 1978, Pub. L. 95-427, 92 Stat. 996; the Tax Treatment Extension Act of 1977, Pub. L. 95-615, 92 Stat. 3097; and the Technical Corrections Act of 1979, Pub. L. 96-222, 94 Stat. 194, to read in pertinent part as follows: SEC. 119. MEALS OR LODGING FURNISHED FOR THE CONVENIENCE OF THE EMPLOYER. (a) MEALS AND LODGING FURNISHED TO EMPLOYEE, HIS SPOUSE, AND HIS DEPENDENTS' PURSUANT TO EMPLOYMENT.--There shall be excluded from gross income of an employee the value of any meals or lodging furnished to him, his spouse, or any of his dependents by or on behalf of his employer for the convenience of the employer, but only if-- (2) in the case of lodging, the employee is required to accept such lodging on the business premises of his employer as a condition of his employment. (b) SPECIAL RULES.--For purposes of subsection (a)-- (1) PROVISIONS OF EMPLOYMENT CONTRACT OR STATE STATUTE NOT TO BE DETERMINATIVE.--In determining whether meals or lodging are furnished for the convenience of the employer, the provisions of an employment contract or of a State statute fixing terms of employment shall not be determinative of whether the meals or lodging are intended as compensation. These amendments do not change the substantive law that we must consider in this issue.↩