JOHN BAKER and JEAN G. BAKER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Baker v. Commissioner
Docket No. 10687-81.
United States Tax Court
T.C. Memo 1983-64; 1983 Tax Ct. Memo LEXIS 713; 45 T.C.M. (CCH) 646; T.C.M. (RIA) 83064; February 2, 1983. John and Jean G. Baker, pro se. Ivan A. Gomez, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *714 OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for the year 1976 in the amount of $1,575.04. The question for decision is whether petitioner John Baker (hereinafter referred to as petitioner) is entitled to exclude from income for that year, under section 119, the value of lodging and utilities furnished by the petitioner's employer during that year. Section 119 provides that there shall be excluded from gross income of an employee the value of any meals or lodging furnished to him by his employer for the convenience of the employer but only if, in the case of lodging, the employee is required to accept such lodging on the business premises of his employer as a condition of his employment. The petitioner and the respondent have agreed that the lodging and utilities in question were furnished to the petitioner by his employer for the convenience of the employer and that the petitioner was required to accept such lodging and utilities as a condition of his employment. Therefore, the only question for decision really is whether the lodging furnished to the petitioner was "on the business *715 premises of his employer." The petitioners filed a timely joint Federal income tax return for the year 1976. They were residents of the Canal Zone when the petition herein was filed. During the year 1976, as well as during the prior year, 1975, the petitioner was a resident of the Canal Zone and was employed as a magistrate by the Canal Zone government. As a magistrate, he was required to accept lodging in the Canal Zone as a specific condition of his employment and for his employer's convenience. All housing and utilities in the Canal Zone were owned by the Canal Zone government. The value of rent and utilities was deducted each month from the wages of the petitioner. There are two geographic judicial districts in the Canal Zone: The Balboa Division, in which the petitioner was employed, and the Cristobal Division. The magistrates were required to live in the judicial district in which they were employed. At least one magistrate was assigned to each division and in the event of the absence of one, the other would normally fulfill the duties required for both divisions. The petitioner carried out normal Canal Zone magistrate functions, in that he usually worked five days *716 a week in his respective division courthouse. He lived in quarters that were physically separated from his assigned courthouse. As a magistrate, petitioner spent his workday at the courthouse. However, he was required to be accessible 24 hours a day and sometimes was called upon to perform judicial and extra-judicial duties after the termination on his normal workday. Thus, petitioner was often required to issue arrest and search warrants and to set bail after normal work hours. In such cases, these duties were usually performed by petitioner in his residence, either over the telephone or in person. In addition, the petitioner frequently performed legal research after hours in his home. The United States acted as the territorial sovereign in the Canal Zone by virtue of a treaty between the United States and the Republic of Panama, dated 1903. The Canal Zone government carried on its activities on behalf of the United States in the Canal Zone, an area approximately ten miles wide and 50 miles long, bounded on each side by the Republic of Panama. The petitioners herein are the same parties who were petitioners in docket No. 10768-79. Likewise, the respondent in this case *717 is the same as the respondent in docket No. 10768-79. The issue presented in docket No. 10768-79 was whether the petitioner's lodging was on the business premises of his employer for the year 1975. This Court, in Frensley, et al v. Commissioner,T.C. Memo. 1982-399, which consolidated docket No. 10768-79 for trial, decided this issue adversely to the petitioner and held that petitioner's lodging was not on the business premises of his employer, the Canal Zone government. It is the position of the respondent that, since this Court has already decided, with respect to the year 1975, that the petitioner's lodging was not on the business premises of his employer, the petitioners are prevented in the instant case, under the doctrine of collateral estoppel, from relitigating this issue before this Court, citing as authority the cases of Commissioner v. Sunnen,333 U.S. 591 (1948); Dietzsch v. Commissioner,65 T.C. 1172 (1976). We agree. The facts in this case are exactly the same as those in the case involving the year 1975 (docket No. 10768-79). The parties are the same, and there has been no change in the controlling legal principles. *718 Therefore, this is a case in which the doctrine of collateral estoppel is clearly applicable to the petitioners. Although he presented virtually no evidence to support it, the petitioner relies principally upon the argument that the entire Canal Zone was "the business premises" of his employer and that, thus, the quarters furnished him were necessarily on the business premises of his employer. Even if the doctrine of collateral estoppel were not applicable in this case, we would still be required to hold against the petitioner, under the decision of this Court in Benninghoff v. Commissioner,71 T.C. 216 (1978), affd. per curiam 614 F.2d 398 (5th Cir. 1980), in which this broad assertion was rejected by the Court. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.