**Darrell F. BROWN, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 82–2306.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1983.

Decided Oct. 19, 1983.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Carleton D. Powell, Doug-

las E. Coulter, Attys., Tax Div., Dept. of Justice, Washington, D.C., for appellee.

Jack B. Hood, Birmingham, Ala., for appellant.

Before LAY, Chief Judge, McMILLIAN, Circuit Judge, DUMBAULD, Senior District Judge.*

PER CURIAM.

Darrell Brown appeals from the memorandum decision of the United States Tax Court[1] assessing a tax deficiency against him for the years 1975 and 1976. 44 T.C.M. (CCH) 481 (1982).

During the years in question Brown resided in the Panama Canal Zone and was employed as a magistrate by the Canal Zone Government. Brown asserts that under section 119 of the Internal Revenue Code he is entitled to exclude from his gross income the value of certain deductions from his wages. 26 U.S.C. § 119 (1976 & Supp. V 1981).[2] As magistrate, Brown was required to live in the Canal Zone; however, no private ownership of land or housing was permitted. Consequently, the government provided lodging and deducted the value of such lodging and utilities from Brown's wages. Brown contends his lodging is "on the business premises" of his employer, the Canal Zone Government. First, Brown contends the government conducts business throughout the canal zone and therefore, his home is on the "business premises" of his employer. Alternatively, Brown asserts that he performs a significant portion of his magisterial duties at his lodging.

The tax court determined that to qualify as "business premises" of the employer under section 119, the property must bear an integral relationship to the business activities of the employer. Finding mere ownership insufficient to constitute "business premises," the tax court determined that Brown's employer did not conduct business in Brown's lodging. *Accord Benninghoff v. Commissioner,* 71 T.C. 216 (1978) *aff'd,* 614 F.2d 398 (5th Cir.1980). Additionally, the tax court found that the magisterial functions Brown performed at home were not substantial enough to qualify for a section 119 "business premises" exclusion.

Upon our review of the record we find that the tax court did not err as a matter of law and that its judgment is based on findings of fact that are not clearly erroneous. The judgment of the tax court is affirmed.

Affirmed. *See* 8th Cir.R. 14.

---

* Edward Dumbauld, Senior United States District Judge for the United States District Court for the Western District of Pennsylvania, sitting by designation.

1. The Honorable Samuel B. Sterrett, Judge for the United States Tax Court, presiding.

2. Section 119 was amended by sec. 108(a)(1)(G) of Pub.L. 96–222, Apr. 1, 1980, 94 Stat. 225, effective for taxable years beginning after Dec. 31, 1977, and by sec. 205 of Pub.L. 95–615, Nov. 8, 1978, 92 Stat. 3107, effective for taxable years beginning after Dec. 31, 1977.