Guthrie F. **CROWE** and Sue V. Crowe

v.

The **UNITED STATES.**

Nos. 22–81T, 23–81T.

United States Claims Court.

March 26, 1984.

David A. Hoines, Fort Lauderdale, Fla., for plaintiffs; David A. Hoines, P.A., Fort Lauderdale, Fla., of counsel.

Paul Wright, Washington, D.C., with whom was Asst. Atty. Gen. Glenn L. Archer, Jr., for defendant; Theodore D. Peyser, Washington, D.C., of counsel.

## OPINION ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

PHILIP R. MILLER, Judge:

### Facts

This is a suit for refund of federal income taxes paid for the years 1975 and 1976. The cases are presented for decision on cross-motions for summary judgment based on fully stipulated facts.

During such years, plaintiff Guthrie F. Crowe (hereinafter plaintiff),[1] served as a United States District Judge for the District of the Canal Zone. As such, plaintiff's salary was the same as that established for all United States District Judges.

Throughout his term on the bench, inclusive of the years in suit, plaintiff was required to and did reside in the Canal Zone, pursuant to the provisions of Title 3, Section 5(d) of the Act of October 18, 1962, Pub.L. No. 87–845, 76A Stat. 1 (commonly known as the Canal Zone Code).[2] Since all land in the Canal Zone was owned by the United States[3], like other government employees plaintiff lived in a house provided for his use by the Panama Canal Company, an instrumentality of the United States, for which he was required to pay to the company, rent and utilities charges. During the

---

1. Sue V. Crowe is a party to this action solely by virtue of having jointly filed income tax returns with her husband for the years in suit.

2. This provision of the Canal Zone Code mirrors the requirements, set forth at 28 U.S.C. § 134(b), that each United States District Judge (save those sitting within the District of Columbia) reside within the district to which he is appointed.

3. Prior to the transfer to the Republic of Panama, in 1979, of sovereignty over the Canal Zone, the latter constituted a United States possession occupying an area of 553 square miles and measuring approximately 50 miles by 20 miles, administered by the Panama Canal Company.

years in issue, plaintiff's living quarters were situated between one-half and three-fourths of a mile from the United States District Courthouse.[4]

Court was held by plaintiff generally at the Federal Courthouse in Balboa, at the Pacific terminus of the Panama Canal. The business of the court also occasionally took plaintiff to the United States Administration Center at Cristobal, on the Caribbean side of the Canal Zone.

On his income tax returns for 1975 and 1976, plaintiff deducted $2,878 and $3,214, respectively, representing his annual payments for rent and electricity.[5] Subsequently, the Internal Revenue Service disallowed the foregoing deductions and, thereupon, timely assessed deficiencies of $1,229 and $1,405 for 1975 and 1976, respectively, which plaintiff satisfied in full, together with statutory interest thereon. Upon the Commissioner's disallowance of plaintiff's claims for refund of the assessed amounts, plaintiff brought the instant actions, now consolidated.

### Question Presented

Is plaintiff entitled to exclude from his income subject to tax the value of lodgings and utilities provided by the Panama Canal Company?

### Discussion

Section 119 of the Internal Revenue Code (I.R.C) provides for an exclusion from an employee's gross income of:

the value by any * * * lodging furnished to him * * * by or on behalf of his em-

ployer for the convenience of the employer, but only if—

*   *   *   *   *   *

(2) in the case of lodging, the employee is required to accept such lodging on the business premises of his employer as a condition of his employment.

As plaintiff paid rent for his lodging, it could perhaps have been argued that its value was not included in his income and hence there is nothing to exclude. However, Treasury Regulations on Income Tax (1954 Code), § 1.119–1, provides that "the exclusion shall apply irrespective of whether a charge is made" and "In the absence of evidence to the contrary, the value of the lodging may be deemed to be equal to the amount charged."

As Congress intended to tax all income except that specifically exempted, the terms of any exclusion provision are to be strictly construed. *Commissioner v. LoBue,* 351 U.S. 243, 246, 76 S.Ct. 800, 802, 100 L.Ed. 1142 (1956); *General Investors Co. v. Commissioner,* 348 U.S. 434, 436, 75 S.Ct. 478, 479, 99 L.Ed. 504 (1955); *Commissioner v. Glenshaw Glass Co.,* 348 U.S. 426, 429–30, 75 S.Ct. 473, 475–76, 99 L.Ed. 483 (1955); *Commissioner v. Jacobson,* 336 U.S. 28, 49, 69 S.Ct. 358, 369, 93 L.Ed. 477 (1949). This rule equally applies to the exclusion provided by § 119; and thus failure by the employee to meet any one of the three conditions of subsection 119(2)[6] will disqualify the exclusion and cause the value of the lodging to be included in gross income. *Bob Jones University v. United States,* 229 Ct.Cl. 340, 349–50, 670 F.2d 167, 173–74 (1982); *Brown v. Commissioner,* 719 F.2d 288, 289 (8th Cir.1983), aff'g *Frensley v. Commissioner,* 44 T.C.M. (CCH) 481 (1982);

---

4. Until 1964, plaintiff resided approximately 300 feet from the courthouse. However, in the wake of civil disturbances occurring, in 1964, along the perimeter of the Canal Zone, he established new quarters in the house that he occupied during the years in issue.

5. Plaintiff's exclusion of amounts paid for electricity, provided by the Company, is on the theory that, without it, his house was rendered unhabitable, and that the electricity, therefore, constituted an integral part of the lodging.

6. The three conditions are:

(a) The lodging must be furnished for the convenience of the employer.

(b) The employee must be required to accept the lodging as a condition of the employment.

(c) The lodging must be on the business premises of the employer.

*Dole v. Commissioner,* 43 T.C. 697, *aff'd per curiam,* 351 F.2d 308 (1st Cir.1965).

Although defendant contends that plaintiff cannot comply with any of the three conditions, as it is clear that plaintiff is unable to comply with the third, for purposes of the instant decision it is unnecessary to consider the others.

In *Bob Jones University v. United States,* 229 Ct.Cl. at 354–55, 670 F.2d at 176, the court approved as a definition of the phrase "lodging on the business premises of his employer"—

(1) living quarters that constitute an integral part of the business property, and

(2) premises on which the employer carries on some substantial segment of its business activities.

And it also further explained that "functional rather than spatial unity is determinative of whether lodging is on the employer's business premises." And *see also Adams v. United States,* 218 Ct.Cl. 322, 332, 585 F.2d 1060, 1066 (1978); *Dole v. Commissioner,* 43 T.C. 697, 708–09, *aff'd per curiam,* 351 F.2d 308 (1st Cir.1965); and *Benninghoff v. Commissioner,* 71 T.C. 216, 220 (1978), *aff'd per curiam,* 614 F.2d 398 (5th Cir.1980).

■ It cannot reasonably be maintained that merely because the government owns all housing in the Panama Canal Zone and rents it to its employees that the government conducts its business in the employees' lodgings or that the employees are required to perform their business duties primarily or substantially in their lodgings rather than in their assigned offices.

The precise issue is not written on a *tabula rasa.* It has been decided adversely to the taxpayer in a number of cases. The most recent decision and one closest on its facts is *Brown v. Commissioner, supra.* There *Brown,* employed as a magistrate by the Canal Zone Government, likewise contended that the value of the lodging he rented from the government should be excluded from his gross income pursuant to I.R.C. § 119 because it was on the business premises of his employer. The court held that there was no error of either law or fact

in the Tax Court decision denying the exclusion, which it summarized as follows (719 F.2d at 289)—

The tax court determined that to qualify as "business premises" of the employer under section 119, the property must bear an integral relationship to the business activities of the employer. Finding mere ownership insufficient to constitute "business premises," the tax court determined that Brown's employer did not conduct business in Brown's lodging. * * * Additionally, the tax court found that the magisterial functions Brown performed at home were not substantial enough to qualify for a section 119 "business premises" exclusion.

In *Benninghoff v. Commissioner,* 71 T.C. 216 (1978), *aff'd per curiam,* 614 F.2d 398 (5th Cir.1980), a Canal Zone policeman's claim for exclusion from income of the value of his government furnished housing was likewise rejected because the government owned housing was not on the business premises of his employer. The Tax Court explained and applied the "business premises" test as follows (71 T.C. at 220–21):

Petitioner does contend, however, that the entire Canal Zone constitutes the business premises. He asserts that the entire zone is used to effect the treaty obligations to maintain, support, operate, and defend the Panama Canal. Accordingly, since the lodging is furnished to the petitioner within the Canal Zone, petitioner argues that the lodging is on the business premises. Respondent, on the other hand, contends that the scope of business premises must be limited to the situs of significant business activity by the employer. We agree with respondent. Although petitioner's argument is appealing in its simple logic, it does not withstand careful analysis. The touchstone of the business premises test is the lodging's relationship to the business activities of the employer. To conclude that lodging is on the business premises of the employer merely because it is owned by the employer would make the third condition of section 119 meaning-

less. The property must bear an integral relationship to the business activities of the employer. Upon the facts presented, the only relationship established between the employer and the lodging is that of ownership. No significant employer activities occur at petitioner's residence. The location of such residential housing within the zone does not make such housing an integral part of the employer's business.

In its per curiam affirmance of the Tax Court decision, the Court of Appeals for the Fifth Circuit stated (614 F.2d at 399):

Appellant Benninghoff failed to show a direct, substantial relationship between the provision of lodging and the law enforcement interests of his employer. The mere ownership by the Canal Zone Government of the home itself and the land on which the home was situated is not sufficient, nor even essential, to prove that the lodging is "on the business premises" of the employer for purposes of Section 119(2). The facts in this case show that the lodging was furnished by his employer, the Canal Zone Government, to appellant Benninghoff primarily for his personal use and not to further significantly its own law enforcement interests. * * *

Accord: Collins v. Commissioner, Tax Ct. Mem.Dec. (P–H) ¶ 83,762 (1983) (with respect to Canal Zone policeman); Frensley v. Commissioner, 44 T.C.M. (CCH) 481 (1982) (involving Canal Zone policemen, firemen, magistrates, FAA employees and maintenance employees), affirmed with respect to a magistrates in Brown v. Commissioner, supra, and Baker v. Commissioner, 45 T.C.M. (CCH) 646 (1983).

■ The government furnished for plaintiff's use a United States Courthouse and an Administration Center in which to perform his official functions, while his residence was from one-half to three-fourths of a mile from the courthouse. There is no evidence that either of such official premises was inadequate for the government's business purposes. Nor is there any showing that any portion of the plaintiff's residence was set aside by the government for other than plaintiff's residential purposes. Thus the government's mere ownership of the plaintiff's rental lodging was not sufficient to constitute it a part of the employer's business premises.

■ Plaintiff contends alternatively that even if the entire Canal Zone may not be deemed his employer's business premises his own government furnished residence may be so considered because he regularly performed legal research and writing duties there, averaging about 6 hours per week. But such homework is a commonplace of plaintiff's profession. The fact that a judge spends an additional 15 percent of a normal 40 hour work week working in his residence does not turn his home into a part of his employer's business premises. The crucial facts are that the employer made available to plaintiff regular business premises in which plaintiff could perform all of his work; that it never required plaintiff to work at his residence; and that even when plaintiff worked at home it was not because the employer's business premises were not available to him, but because he chose to do so for his own convenience.

Analogous contentions were made and likewise rejected in most of the cited cases. For example, in Benninghoff the taxpayer policeman was on 24-hour call and a special telephone alert had been installed at his home so that he could promptly be called to duty. Nevertheless, the court held that his home duties were not sufficiently substantial as to make his house part of his employer's business premises.

In Frensley, the police officer's residence had been used both for surveillance purposes and for meeting with informants, whose identities were required to be kept secret; and the magistrates were called upon to issue warrants and set bail after normal working house and had performed legal research at their homes. The court, nevertheless, held that such nocturnal duties did not meet the standard substantially required to make their lodgings business premises of their employer. In reviewing that decision with respect to the magis-

trates, in *Brown v. Commissioner,* 719 F.2d at 289, the court agrees that the magisterial functions performed at home were not substantially enough to qualify for a § 119 "business premises" extension.

In *Baker,* the magistrate also contended as a basis for the extension of the value of his lodging that he was required to be accessible 24 hours a day and sometimes was called upon to perform judicial and extra-judicial duties after the termination of his normal workday, such as issuing arrest and search warrants and setting bail. The Tax Court likewise rejected this as a basis for finding that the magistrates Canal Zone lodging was a part of the employer's business premises.

In *Bob Jones University v. United States,* 229 Ct.Cl. 340, 356, 670 F.2d 167, 177 (1982), the court ruled that the grading of papers, preparation for classes, and meetings with students and their parents by faculty members at the University furnished housing adjoining the campus was not sufficiently substantial as to make such lodging part of the University business premises.

Plaintiff's argument as to the substantiality of his use of his home as a basis for treating it as a part of his employer's business premises is no more persuasive than that made in any of the cited cases.

Accordingly, it is held that plaintiff is not entitled to exclusion under section 119 which it seeks in these cases. Defendant's motion for summary judgment is allowed and plaintiff's motion is denied. Judgment shall be entered in favor of defendant and costs allowed.

