JAMES L. COLLINS AND JOAN COLLINS, Petitioners [1] v. COMMISSIONER OF INTERNAL REVENUE, Respondent Collins v. Commissioner
Docket Nos. 10270-82, 10271-82.
United States Tax Court
T.C. Memo 1983-762; 1983 Tax Ct. Memo LEXIS 23; 47 T.C.M. (CCH) 713; T.C.M. (RIA) 83762; December 20, 1983. Darrell F. Brown, for the petitioners. Helen T. Repsis, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined deficiencies in petitioners' Federal income tax for 1977, 1978, and 1979 in the respective amounts of $1,170, $1,512.60, and $1,469.23, and an addition to tax under section 6651(a) [2] for 1977 in the amount *24 of $276.65. Two issues are presented for decision: 1. Whether petitioners may exclude from their gross income, under section 119, the value of lodging and utilities furnished them by the Canal Zone Government; and 2. Whether the Panama Canal Treaty, which went into effect on October 1, 1979, exempts petitioners from United States income taxes on income earned after that date. Petitioners have agreed that they are liable for the section 6651(a)(1) addition to tax for 1977. All of the facts have been stipulated. Petitioners, husband and wife, are United States citizens and, at the time their petition was filed, resided in Dothan, Alabama. During 1977, 1978, and 1979, they lived in the Republic of Panama, and each of them worked for a United States Government agency while there. [3]
*25 1. The Exclusion Issue
Petitioner James L. Collins (Collins) was employed during 1977 through 1979 as a police officer in the Panama Canal Zone by the Canal Zone Government, an agency of the United States Government. As a condition of his employment as a policeman, Collins was required to accept lodging in the Canal Zone. The Canal Zone Government did not permit private ownership by its employees of housing or land in the Canal Zone. All housing utilities were furnished by the Canal Zone Government to its employees residing in the Canal Zone. Petitioners excluded (or claimed a reducing adjustment) from their gross income in the amounts of $2,995.33, $3,086.66, [4] and $3,416.81 for 1977, 1978, and 1979, respectively, as the value of the lodging and utilities furnished them by the Canal Zone Government. Respondent disallowed the claimed income exclusions. Section 119(a)(2) [5] provides for the exclusion of the value of lodging furnished to an employee, his spouse and his dependents by his employer if three conditions are met: (1) The *26 employee must be required to accept the lodging as a condition of his employment; (2) the lodging must be furnished for the convenience of the employer; and (3) the lodging must be on the business premises of the employer. Sec. 1.119-1(b), Income Tax Regs. Failure by the employee to meet any one of the three conditions will cause the value of the lodging to be included in gross income. Dole v. Commissioner,43 T.C. 697 (1965), affd. per curiam 351 F.2d 308 (1st Cir. 1965). We hold that petitioners meet the first two tests [6] but fail the "business premises" requirement. In Benninghoff v. Commissioner,71 T.C. 216, 221 (1978), *27 affd. per curiam 614 F.2d 398 (5th Cir. 1980), which also involved a Canal Zone policeman who was required by his employer, the Canal Zone Government, to live to Government-owned housing, we held that the taxpayer failed to qualify for an exclusion under section 119 because his Government-owned residence was not on the business premises of his employer. With respect to the business premises test, we stated (71 T.C. at 221): The touchstone of the business premises test is the lodging's relationship to the business activities of the employer. To conclude that lodging is on the business premises of the employer merely because it is owned by the employer would make the third condition of section 119 meaningless. The property must bear an integral relationship to the business activities of the employer. Upon the facts presented, the only relationship established between the employer and the lodging is that of ownership. No significant employer activities occur at petitioner's residence. The location of such residential housing within the zone does not make such housing an integral part of the employer's business. *28 In a per curiam affirmance of our decision, the United States Court of Appeals for the Fifth Circuit stated (supra at 399): Appellant Benninghoff failed to show a direct, substantial relationship between the provision of lodging and the law enforcement interests of his employer. The mere ownership by the Canal Zone Government of the home itself and the land on which the home was situated in not sufficient, nor even essential, to prove that the lodging is "on the business premises" of the employer for the purposes of Section 119(2). The facts in this case show that the lodging was furnished by his employer, the Canal Zone Government, to appellant Benninghoff primarily for his personal use and not to further significantly its own law enforcement interests. Although the record in Benninghoff was evidently more complete than that in the instant case, the stipulated facts provide no basis for distinguishing petitioners' claim from that of the taxpayer in Benninghoff. Accordingly, for the reasons stated in Benninghoff, petitioners are not entitled to the claimed exclusion. See also Frensley v. Commissioner,T.C. Memo. 1982-399, affd. sub nom. *29 Brown v. Commissioner,719 F.2d 288 (8th Cir. 1983); Baker v. Commissioner,T.C. Memo. 1983-64, on appeal (5th Cir. 4-25-83). 2. The Exemption Issue
Petitioners also contend that their salaries after October 1, 1979, the effective date of the Panama Canal Treaty, T.I.A.S. 10030 (hereinafter Canal Treaty), were tax exempt. In McCain v. Commissioner, 81 T.C.     (1983), we recently rejected a similar argument by a United States citizen resident in Panama who was employed by the Panama Canal Commission, a United States Government agency. It is true, as contended by petitioners, that paragraph 2 of Article XV [7] of the agreement implementing the provision of the Canal Treaty governing Canal operation and management provides that United States citizen employees and dependents "shall be exempt from any taxes." Paragraphs 1 and 3 of that article, however, which deal respectively with other taxes on the Panama Canal Commission's contractors and subcontractors, and on gifts and inheritances of United States citizen employees and dependents, refer specifically to exemption from taxes imposed only by the Republic of Panama. Those paragraphs *30 do not mention any exemption from United States taxes. Taking into account both the unlikelihood that the United States, in a treaty with a foreign country, would restrict its right to tax its own citizen employees and dependents, and the context in which the provision appears, the "any taxes" language is, at best, ambiguous. In the McCain opinion, we set forth in considerable detail the legislative history of the ratification of the treaty. We quoted the Senate hearing testimony of the Legal Advisor of the Department of State in which he advised the Senate with reference to paragraph 2 of Article XV that "we are not entering into an agreement between the United States and Panama that would exempt U.S. citizens from U.S. tax. The purpose of this, of course, was *31 to exempt them from Panamanian tax." Panama Canal Treaties: Hearing Before the Committee on Foreign Relations, 95th Cong., 1st. Sess. 268 (1977). In addition, we cited the Report of the Senate Committee on Foreign Relations on the Panama Canal Treaties, E. Rept. No. 95-12, 95th Cong. 1st. Sess (1978), which contains a section-by-section analysis of the Canal and Neutrality Treaties and the implementing agreements. The analyses were prepared by members of the treaty negotiating team and were approved by the officers of the State and Defense Departments directly involved in the negotiations. The analyses contain the following with respect to Article XV, paragraph 2 of the implementing agreement: Paragraph 2 exempts United States citizen employees and dependents from the imposition by Panama of taxes on income received as a result of their work with the Commission and on the income derived from sources outside Panama. Such persons are subject, however, to Panamanian taxation of any income derived from sources outside Panama, other than their employment with the United States Government. [Emphasis added.] Relying upon the foregoing legislative history of the ratification *32 of the Panama Canal Treaty and implementing agreement, we held in McCain that the income of United States citizens, such as petitioners, is not exempt from United States tax. Our conclusion in that case is consistent with that reached in Corliss v. United States,567 F. Supp. 162 (W.D. Ark. 1983); Highley v. United States, 83-2 USTC par. 9633, AFTR2d 83-5902 (M.D. Tenn. 1983); Pierpoint v. United States, 83-2 USTC par. 9647 (D.S.C. 1983). See also Swearingen v. United States,565 F. Supp. 1019 (D. Colo. 1983) and Stokes v. Commissioner, 83-2 USTC par. 9644 (W.D. Wash. 1983). We reach the same conclusion in this case and hold that petitioners' income after October 1, 1979, is not exempt from United States income tax. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. The parties in the following cases have agreed to be bound by the Tax Court's holding on the stated issues in the instant case: James L. Fulton and Nicolasa A. Fulton, docket No. 10272-82; Earl C. Schrader and Lois F. Schrader, docket No. 10273-82; and Charles Leves, docket No. 4620-83.↩
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
3. The stipulation of facts states that petitioners worked for and received income from the Panama Canal Commission, a United States Government agency, during the years 1977, 1978 and 1979. In fact, however, the Panama Canal Commission did not come into existence until Oct. 1, 1979, the effective date of the Panama Canal Treaty. The Commission's predecessor agency was the Panama Canal Company. Petitioners' Forms W-2 indicate that they each received wages in 1977, 1978 and 1979 from the Panama Canal Company. Thus, we conclude that they received wages from the Panama Canal Company during 1977, 1978, and until Sept. 30, 1979, and, beginning on Oct. 1, 1979, from the Panama Canal Commission.↩
4. The stipulation of facts uses the figure $3,086.66 but the 1978 income tax return shows an adjustment to income of $3,083.66.↩
5. SEC. 119. MEALS OR LODGING FURNISHED FOR THE CONVENIENCE OF THE EMPLOYER. (a) Meals And Lodging Furnished To Employee, His Spouse, And His Dependents, Pursuant To Employment.-- There shall be excluded from gross income of an employee the value of any meals or lodging furnished to him, his spouse, or any of his dependents by or on behalf of his employer for the convenience of the employer, but only if-- * * * (2) in the case of lodging, the employee is required to accept such lodging on the business premises of his employer as a condition of his employment.↩
6. The parties have stipulated that Collins was required to accept lodging in the Canal Zone as a condition of his employment. It is not entirely clear, based on the record before us, that such lodging was for the convenience of Collins' employer. In view of our statement in Benninghoff v. Commissioner,71 T.C. 216, 218 (1978), affd. per curiam 614 F.2d 398 (5th Cir. 1980), that "the 'convenience of employer' and 'condition of employment' tests are essentially the same", and in view of the fact that, as far as we are able to ascertain, the facts in Benninghoff are virtually indistinguishable from the facts before us in the instant matter, we hold here, as we did in Benninghoff,↩ that petitioners also meet the "convenience of employer" test.
7. Par. 2 of Art. XV of the Agreement in Implementation of Article III, T.I.A.S. 10031, is as follows: United States citizen employees and dependents shall be exempt from any taxes, fees, or other charges on income received as a result of their work for the Commission. Similarly, they shall be exempt from payment of taxes, fees or other charges on income derived from sources outside the Republic of Panama.↩